[L. A. No. 5432. Department One.—July 13, 1918.]

In the Matter of the Estate of JOHN G. KELLEY, Deceased.

WILLS—CODICILS—CONSTRUCTION OF DEVISE.—In this case where the
testator had left a will and nine codicils, the final codicils are con-
strued as changing a devise which the testator had made to his
wife from a fee simple to a life estate.

ID.—TWO CODICILS READ TOGETHER.—In such case two codicils executed
within a few days of each other were to be construed together.

APPEAL from a decree of distribution of the Superior
Court of Santa Barbara County.  S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Fred H. Schauer, B. Rey Schauer, and A. Mitchell Palmer,
for Appellant.

Richards & Heaney, A. C. Postel, Charles L. Benoist, and
Francis Price, for Respondents.

RICHARDS, J., *pro tem.*—This is an appeal from that por-
tion of a decree of distribution which purports to distribute
certain real estate in Santa Barbara to the appellant for life.
The contention of the appellant is that under the will and
codicils of the testator she was entitled to have the said prop-
erty distributed to her in fee simple. The testator, John
G. Kelley, was a resident of Pennsylvania, but maintained a
home in Santa Barbara upon the property here in question
and where he died on May 29, 1911. He left a will and nine
codicils which were admitted to probate in Monroe County,
Pennsylvania, on June 28, 1911. Ancillary administration
was had in Santa Barbara County for the purpose of dispos-
ing of the property there. The decedent left surviving him

his widow, Edith S. Kelley, who was his second wife, and a daughter, whose name was Anna K. Hornbrook. He also left certain nephews and nieces who were under certain eventualities to become his residuary legatees. In his will, dated January 31, 1905, after certain specific bequests, he used the following words: "All the rest of my estate I give and bequeath to my dear wife, Edith S. Kelley, for life or so long as she remains my widow (except in the case of my Santa Barbara property corner Garden and Mission Street, which I give to her absolutely)." The first, second, third, fourth, and fifth codicils to this will, executed at intervals within the period of about four years after its date, do not purport to make any change in the disposition of his property in so far as Edith S. Kelley is concerned. The codicil of June 21, 1909, does, however, purport to make a number of changes in his will amounting practically to the making of a new will in which he gives all of his real estate and one-third of his personal property to his wife, Edith S. Kelley, leaving the balance of his personal property, aside from specific bequests, to his daughter, Anna K. Hornbrook, or in trust for her benefit. Four days after the making of this important codicil the testator added thereto the following brief holographic codicil, viz.:

"June 25, 1909.

"It is my intention that my wife shall have all I am possessed of during her life, except in case of remarriage when I wish it placed in trust for her free from interference of anyone."

On May 26, 1910, he added another codicil which is not material, but on September 2, 1910, he framed his final codicil, which was also holographic, and made, as he states, "to clear up any possible misunderstanding." While it is true that in this codicil the testator had apparently the ultimate disposition of his money uppermost in his mind, he makes use of the following words: "I have made my will providing for a share of my estate to go to Anna K. Hornbrook, but if she has no heirs and should predecease my wife Edith S. Kelley, I do not want a dollar of my money to go to any Hornbrook, but first I expect my wife to have and to hold during her life and then Anna K. Hornbrook, and failing her or her heirs of her body, Edward W. Kelley and his heirs, subject to all the provisions of my will." We are unable to escape the conclu-

sion that it was the intent of the testator by the sixth and seventh codicils of his will to radically change his former disposition of his estate as expressed in his first will. These two codicils, made within a few days of each other, are to be read together, and when so read are susceptible of no other construction, without doing violence to their plain language, than that it was the testator's intention, as therein expressed, that his wife should have a life estate in all of his property, real and personal (excepting minor bequests), but including the Santa Barbara home. The testator's final codicil, while less clear as to its scope, is entirely consistent with this interpretation, which is itself in entire harmony with the letter and spirit of sections 1317 to 1327 of the Civil Code, governing the interpretation of wills.

This being our conclusion, it follows that the decree of distribution appealed from must be affirmed, and it is so ordered.

Sloss, J., and Shaw, J., concurred.